JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| | |
|---|---|
| Case No. F14-00288-HAR<br><br>In re FAIRBANKS COMMUNITY MENTAL HEALTH CENTER, INC., dba FAIRBANKS COMMUNITY BEHAVIORAL HEALTH CENTER,<br><br>Debtor(s) | In Chapter 7 |
| KENNETH W. BATTLEY, TRUSTEE,<br><br>Plaintiff(s)<br><br>v.<br><br>MPC, INC., an Alaska Corporation, and ALASKA COMMERCIAL CONSTRUCTION, INC., an Alaska Corporation,<br><br>Defendant(s) | Adv Proc No F15-90017-HAR<br><br>REPORT AND RECOMMENDATION FOR WITHDRAWAL OF REFERENCE FROM BANKRUPTCY TO DISTRICT COURT [Alaska LBR 5011-1] |

*To:  the Clerk of the Bankruptcy Court to forward to the United States District Court for the District of Alaska*

<u>SUMMARY OF RECOMMENDATION</u>-   The district court must determine if the reference of this adversary proceeding to the bankruptcy court should be withdrawn.[1]

A jury trial has been requested and the parties have not consented to it being conducted by the bankruptcy court.  Consent is required to empower the bankruptcy court to enter a final judgment.  28 USC §157(c).[2]  There are no material bankruptcy issues to be decided and I recommend that the reference be withdrawn and the pre-trial and trial be handled by the district court.

---

[1] Rule 5011, Fed.R Bankr.P.

[2] 11 USC §157(e) provides: " If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."

**FACTUAL BACKGROUND OF THE DISPUTE**- This adversary proceeding is in a chapter 7 case. The assets are mainly in Fairbanks. The parcel of real estate in question is improved with a structure. The trustee retained a real estate broker to market the property.

To protect the structure during the cold Fairbanks winter, the trustee orally directed the real estate agent to have the pipes winterized. The allegation is that the real estate agent orally engaged Alaska Commercial Construction, Inc. (ACC) to do the job and ACC orally subcontracted the work to MPC, Inc. MPC invoiced ACC and was paid $1,215 for the job. The trustee claims that the work was improperly done so that the pipes froze and now seeks damages from either ACC or MPC. MPC's insurer has denied coverage. The complaint seeks recovery on a contract theory from MPC (as a third party beneficiary of the MPC subcontract) and/or due to ACC's alleged negligence in selecting MPC to do the job.[3]

ACC and MPC have denied liability.[4]

**PROCEDURE**- MPC and ACC have both demanded a jury trial.[5] Not all parties have consented to the jury trial being conducted by the bankruptcy court.[6] At the first status conference on February 12, 2016, the bankruptcy court suggested it would recommend that the district court withdraw the reference pursuant to Alaska LBR 5011-1. All three parties stated they did not oppose this suggestion.

LBR Rule 5011-1 is the local Alaska procedural device to accomplish this by recommending to the district court whether or not to withdraw the reference. Although a

---

[3]Complaint, filed November 13, 2015. ECF No. 1.

[4]MCP's answer was filed January 5, 2016 at ECF No. 7 and ACC's answer and cross-claim was filed on January 11, 2016 at ECF No. 10.

[5]ECF No. 8, filed January 5, 2016 and ECF No. 11, filed January 11, 2016.

[6]Rule 9015 of the Fed. R.Civil P. and Alaska LBR 9015-1.

REPORT AND RECOMMENDATION FOR
WITHDRAWAL OF REFERENCE FROM BANKRUPTCY
TO DISTRICT COURT [Alaska LBR 5011-1]                                                          Page 2 of 4

motion to withdraw the reference usually triggers a 21 day period for a party to object,[7] in this adversary proceeding all parties in open court agreed to the withdrawal, thus waiving notice.

LBR Rule 5011-1(d), **Determination of Motion**, provides that "A motion for withdrawal of the reference is governed by Rule 9033 of the Federal Rules of Bankruptcy Procedure." Rule 9033 sets out the procedure for a bankruptcy court hearing and then reporting its finding and recommendations in a non-core proceeding that is related to the bankruptcy case.[8]

ANALYSIS- This proceeding is a simple claim for damages to property. Although it is brought by a bankruptcy trustee to enhance the amount available to pay creditors, it is really just a state law tort and/or contract case based on property damage. It entails no special issues of bankruptcy law.

The complaint should have contained a section addressing the bankruptcy court's jurisdiction, but doesn't.[9] The compliant should have contained the following:

> In an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court.

The fundamental jurisdiction of the bankruptcy court is found in 28 USC §1334(a),(b):

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

---

[7] Alaska LBR 5011-1(c).

[8] Rule 9033(a) of the Fed. R. Civil P., referring to non-core related proceedings under 28 USC §157(c)(1).

[9] ECF No. 1.

REPORT AND RECOMMENDATION FOR
WITHDRAWAL OF REFERENCE FROM BANKRUPTCY
TO DISTRICT COURT [Alaska LBR 5011-1]                                                                Page 3 of 4

The complaint seems to state a matter "related" to the bankruptcy, but not a core proceeding as defined by 28 USC §158(b). Although the outcome could affect how much the trustee has to distribute to creditors, it is not a quintessential bankruptcy matter.[10] It is basically a damage claim which could just as well have occurred without a bankruptcy being involved. As a "related matter" on which the bankruptcy court cannot make a final decision judicial economy suggests withdrawal of the reference at this point.

Although district courts sometimes defer withdrawal of the reference until later in the proceeding,[11] I suggest immediate withdrawal. The facts and issues are straightforward. The district court would be much better at directing its own pre-trial procedure than leaving it to a bankruptcy judge who is not familiar with how the district court would wish pre-trial matters to be handled.

The demand for a jury trial to which a litigant is entitled, where all parties do not consent to one before a bankruptcy judge, requires that the trial be conducted by the district court.[12] Withdrawal of the reference at this early stage of the proceeding is the most efficient way to proceed.

DATED: February 12, 2016

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve :
Clerk of the bankruptcy court
Cabot Christianson, Esq., for π
Robert Groseclose, Esq., for Δ MPC, Inc.
Laura Eakes, Esq., for Δ Alaska Commercial Construction, Inc. 329 F St., Ste. 200, Anchorage, AK 99501
Cheryl Rapp, Adv. Proc. Mgr.

---

[10]In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (the outcome of the proceeding conceivably could affect the administration of the bankruptcy estate).

[11]Barlow & Peek, Inc. v. Manke Truck Lines, Inc., 163 B.R. 177, 179 (D. Nev. 1993).

[12]One Longhorn Land I, L.P, v. Presley, 529 B.R. 755, 764 (C.D. Cal. 2015).

REPORT AND RECOMMENDATION FOR
WITHDRAWAL OF REFERENCE FROM BANKRUPTCY
TO DISTRICT COURT [Alaska LBR 5011-1]                                    Page 4 of 4